## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ELWOOD DEAN FRENCH   :
  (Appellant)     :
 v        :   CIVIL NO. RDB 05-376
PENINSULA BANK    :
  (Appellee)     :
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :
IN RE        :
ELWOOD DEAN FRENCH   :
  (Debtor)     :  BANKRUKPTCY CASE NO. 01-5-6579-JS
         :    (Chapter 7)
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :
PENINSULA BANK    :
  (Plaintiff)     :
 v.        :  BANKRUPTCY ADV. NO. 01-5201-JS
ELWOOD DEAN FRENCH   :
  (Defendant)    :

### MEMORANDUM OPINION

This case is before this Court on appeal from the Order of United States Bankruptcy Judge James F. Schneider granting the motion for summary judgment of the appellee Peninsula Bank ("Peninsula") and denying the appellant-debtor Elwood Dean French ("French") a discharge in bankruptcy.  Judge Schneider found that French had failed to maintain financial records and that he was therefore not entitled to a discharge pursuant to Section 727(a)(3) of the Bankruptcy Code as a matter of law.  Secondarily, Judge Schneider found that French had made a series of false oaths in connection with the bankruptcy proceedings and that as a result he was therefore not entitled to a discharge pursuant to Section 727(a)(4)(A).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as French's appeal arises from the final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 403(a)(1).  Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional

process would not be significantly aided by oral argument.  Local Rule 105.6, D. Md.  *See* Fed.

R. Bankr. P. Rule 8012.  For the reasons stated below, the Order of United States Bankruptcy

Judge James F. Schneider is affirmed.

Background

On October 10, 2000, the appellant-debtor Elwood Dean French filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*., in the United States

Bankruptcy Court for the Middle District of Florida.[1]  In that proceeding French claimed the

Florida "homestead exemption."[2]  The appellee Peninsula Bank, a creditor of French, filed

an adversary proceeding in the Florida Bankruptcy Court objecting to appellant's

bankruptcy discharge, alleging fraudulent transfer of property prior to the bankruptcy

filing,[3] destroying and failing to keep accurate financial records, and false oath in connection

with the case.  Other creditors also filed adversary complaints objecting to the proposed

discharge.

A meeting of creditors was scheduled by the Florida Bankruptcy Court and held on

December 20, 2000.  At that meeting French gave sworn testimony to Diane Jensen, the Chapter

---

[1]  It is a matter of public record that the creditors of French's wife, Betty I. French, filed an involuntary Chapter 7 bankruptcy petition against her that same month.  *See In* re *French*, No. 05-1054, ___ F.3d ___ (4th Cir. Feb. 14, 2006).  The United States Court of Appeals for the Fourth Circuit affirmed this Court and the Bankruptcy Court in avoiding a constructively fraudulent transfer of foreign real property.

[2] Florida Constitution Article X, Section 4.

[3]  The first cause of action of the complaint specifically alleged fraudulent transfer to among others, the Appellant-Debtor's wife, Betty I. French, and his son, Randy French.  Those two individuals are the parties in interest in the Fourth Circuit's recent opinion in *In re French*, No. 05-1054, ___ F.3d ___ (4th Cir. Feb. 14, 2006) in which the Court affirmed a finding of fraudulent transfer.

7 Trustee in Florida, that he had not kept important financial records.  He further provided sworn testimony with respect to his schedule and statement of financial affairs.  The appellee Peninsula Bank and other creditors filed motions to transfer venue of this matter to this Court.  A hearing on these motions was held before United States Bankruptcy Judge Alexander L. Paskay of the United States Bankruptcy Court for the Middle District of Florida on February 15, 2001.  Once again, French testified under oath that he had not maintained financial records.  Furthermore, while seeking to assert Florida residency, French acknowledged that in February of 2000 he had provided sworn testimony as to Maryland residency.  In addition, French testified that a particular attorney had not previously represented him.  In particular, at the hearing on the motion to transfer venue before Judge Paskay, French testified with respect to the notarization of certain documents in Maryland and provided testimony as to his travel to and from Maryland and Florida.  On April 25, 2001, Judge Paskay granted the transfer motion of the creditors and the bankruptcy case and the adversary proceeding were transferred to this Court.  *See In re French*, 261 B.R. 763 (Bankr. M.D. Fla. 2001).[4]

Upon the transfer of this matter to this District, a meeting of creditors was held before the Interim Chapter 7 Trustee James R. Wooton in Salisbury, Maryland, on June 20, 2001.  Once more under oath, French testified that he did not have complete financial records for 1998 and 1999 and was uncertain of their location.

The case then proceeded into a discovery phase.  This discovery included interrogatories and a deposition.  At his deposition in January of 2002, French contradicted his testimony before

---

[4] Judge Paskay noted that in the year 2000 alone French had used 12 residence  and business addresses, six of which were in Maryland, three in Florida, two in Delaware, and one in the Bahamas.  261 B.R. at 766.

Trustee Wooton with respect to his accountant having all of his financial records.  He specifically acknowledged that his accountant did not have complete financial records.

Prior to the scheduled trial date in April of 2002, Peninsula requested leave of court, pursuant to Bankruptcy Rule 7015(d) and Rule 15(d) of the Federal Rules of Civil Procedure, to supplement its complaint.  This supplement included specific contentions of false allegations by the appellant-debtor French and contained more specific allegations of fraud.  French objected on the basis that an action to deny a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) is essentially an allegation of fraud which must be pleaded with particularity.  His objection was denied and the Court in the exercise of its discretion permitted the complaint of Peninsula to be supplemented.

As a result of a death in Judge Schneider's family, the trial in April of 2002 was postponed.  In light of the delay, Peninsula Bank filed an amended motion for summary judgment in May of 2002.  A hearing was held on that motion by Judge Schneider on September 25, 2002.  While appellant French argues in his brief that Judge Schneider announced his intention to grant Peninsula's motion for summary judgment and deny his discharge in bankruptcy, this case was officially held *sub curia* pending Judge Schneider's final ruling.

During the pendency of Judge Schneider's final ruling on Peninsula's motion for summary judgment, the issue of French's claim of entitlement to Florida exemptions proceeded to a separate trial on December 1, 2003.  This trial was held before United States Bankruptcy Judge Russell E. Eisenberg sitting by special designation.  At the conclusion of this trial, Judge Eisenberg sustained the objections to French's claim of Florida exemptions and specifically found that French's testimony was not credible.

4

Finally, on January 7, 2005, Judge Schneider issued his written opinion which is the subject of this appeal.  In a review of the complete record of this case, Judge Schneider held that summary judgment was proper under both 11 U.S.C. § 727(a)(3) (failure to maintain records) and § 727(a)(4)(A) (false oaths.)[5]

Standard of Review

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enterprises*, Inc., 400 F.3d 219, 224 (4th Cir. 2005).  *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  *United States v. Unites States Gypsum,* 333 U.S. 364, 395 (1948).  Accordingly, a district court will not reverse a bankruptcy court's findings of fact "simply because it is convinced that it would have decided the case differently."  *Matter of Broyles,* 55 F.3d 980, 983 (4th Cir. 1995) (*quoting Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).  With respect to the precise allegation of error in permitting the complaint to be supplemented, appellate review is not *de novo* but is under an abuse of discretion standard.

This Court reviews the grant of summary judgment *de novo* applying the standards of Rule 56 of the Federal Rules pf Civil Procedure.  *In re National Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000).  Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment

---

[5]  In light of his opinion, Judge Schneider declined to reach the issue of whether summary judgment was appropriate under 11 U.S.C. § 727(a)(2) (fraudulent transfer).  Mem. Op. at p. 22.

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no <u>genuine</u> issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).  In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986), the Supreme Court explained that only "facts that might affect the outcome of the suit under the governing law" are <u>material</u>.  *Anderson*, 477 U.S. at 488.  In that context, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  However, "[w]hen the moving party has met its responsibility of identifying the basis for its motion, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(e)).

<u>DISCUSSION</u>

I.   <u>The Supplementation of the Complaint</u>

French first argues that Judge Schneider erred in April of 2002 in granting Peninsula leave to supplement its complaint objecting to this discharge in bankruptcy.  This request was appropriately presented to the Bankruptcy Court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7015(d).  This Court's review of Judge Schneider's exercise of his discretion on this matter is limited to an abuse of discretion standard.  *See In re Dominquez*, 51 F.3d 1502, 1509 (9th Cir. 1995).

However, French contends that Peninsula's action to deny him a discharge was partially based on 11 U.S.C. § 727(a)(4)(A) alleging false oaths.  As such, he contends that fraud was

alleged and must therefore be pleaded with particularity, pursuant to Rule 9(b) of the Federal

Rules of Civil Procedure.  His contention is without merit.

The motion and supplement to the original complaint specified the particular false oaths.

Appropriate notice was provided and French was given ample opportunity to respond over the

years of the case.  This Court simply does not find an abuse of discretion by Judge Schneider.

II.  Failure to Maintain Records

French alleges numerous errors of law with respect to the Bankruptcy Court's denial of

his discharge on the basis of a failure to maintain records pursuant to 11 U.S.C. § 727(a)(3).  He

specifically makes the following arguments in this appeal:

1)      The finding that a heightened standard for sufficiency of records
        was appropriate due to Appellant's supposed standing as a
        fiduciary was wrong both factually and as a matter of law;

2)      The determination that denial of a discharge was justified based on
        so-called "admissions" of a failure to keep records was wrong,
        both factually and as a matter of law;

3)      The finding that Appellant was "sophisticated in business" and
        should therefore be held to a higher standard than otherwise was
        factually wrong and based on unfair and improper inferences;

4)      The bankruptcy court erred in finding that the records available
        were so insufficient as to justify denial of discharge; and

5)      Th bankruptcy court erred by failing to consider the existence of a
        possible excuse for the failure to have certain records.

Section 727(a)(3) specifically bars a debtor's discharge in bankruptcy when the debtor

fails to maintain records that could assist a creditor or trustee.  *In re Gartner*, 326 B.R. 357, 375

(Bankr. S.D. Tex. 2005) (citing *In re Dennis*, 330 F.3d 696, 703 (5th Cir. 2003).  Public policy

demands such records so that creditors can determine what assets may be liquidated.  *Id.*

"Creditors should not be required to speculate as to the debtor's financial condition or hunt for

the debtor's financial information." *Id.* In his opinion, Judge Schneider quoted United States Bankruptcy Judge Blackwell N. Shelley in setting forth this public policy in *Dominick & Dominick, Inc. v. Baxter (In re Baxter),* 96 B.R. 58, 60 (E.D. Va. 1989).

The gravamen of French's contention, as reflected in two of his five arguments presented, is that Judge Schneider clearly erred in finding that he was a "sophisticated businessman." The Bankruptcy Court further noted that French "was in a business that imposed fiduciary duties upon him." These findings by Judge Schneider have clear legal implications.

As was noted by the Bankruptcy Court, there is a basic level of record keeping required under Section 727(a)(3) of the Bankruptcy Code so that the debtor's financial condition can be reasonably ascertained. *In re Greene*, 202 B.R. 68, 71 (Bankr. D. Md. 1996). In an adversary proceeding brought to deny discharge to a debtor under 11 U.S.C. § 727(a)(3), Peninsula must show that French failed to maintain and preserve adequate records and that such a failure "made it impossible to ascertain his financial condition and material business transactions." *In re Gartner*, 326 B.R. at 375 (citing *In re Dennis*, 330 F.2d 696, 703 (5th Cir. 2003).) That standard of record keeping is higher for a sophisticated debtor. *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896 (7th Cir. 2002) (citing *In re Scott*, 172 F.3d 959, 969 (7th Cir. 1999) and *In re Juzwiak*, 89 B.R. 424, 430 (7th Cir. 1996).)

The record of this Court overwhelmingly indicates that French failed to maintain adequate records so as to make it impossible to ascertain his financial situation. Judge Schneider's finding of fact that there were no genuine issues of material dispute with respect to this failure can hardly be said to be erroneous. In testimony before Judge Paskay, he further indicated that he "got rid of all (his) stuff when (he) moved. (He) got rid of everything." In

testimony before Trustee Diane Jensen,  he acknowledged that he did not know when she would see any records.  At the Maryland creditors committee meeting, he indicated that he had no records with respect to his 1998 income and very few for 1999.  The record of this Court reflects French's failure to provide records on numerous business transactions.  Apart from the question of French's credibility and candor with respect to financial transactions, there was a dearth of records available.

Once a plaintiff in an adversary proceeding, such as Peninsula, establishes a *prima facie* case of a debtor's failure to maintain adequate records, the debtor has the burden to show that this failure was justified.  He may meet this burden by showing "a lack of sophistication or that the neglected records were not in any way needed. " *In re Gartner*, 326 B.R. at 376, *citing in re Dennis*, 330 F.3d at 703.  Even if French had not been found by Judge Schneider to be a "sophisticated debtor", the Bankruptcy Court's finding of a failure to maintain records as required by § 727(a)(3) of the Bankruptcy Code is clearly supported by the record and was not clearly erroneous.

Alternatively, French's remaining argument with respect to record keeping seems to be based on a lack of intent.  Specifically, the appellant challenges Judge Schneider's finding that he admitted a failure to have certain records which he later produced.  French contends that Judge Schneider erred in failing to consider his "excuse" for failure to have certain records – specifically, the affidavit of Dr. Daniel J. Freedenburg.

Pursuant to a scheduling order entered by Judge Schneider, French filed a pretrial statement listing two experts whom he proposed to present as witnesses at trial.  Reports of both experts were attached.  Dr. Freedenburg's report essentially suggested that French suffers from a

disorder in the nature of dementia which affects not only his ability for consistency but his ability to maintain records.  However, Judge Schneider discounted this affidavit as the opinion was not stated to any degree of medical certainty and Dr. Freedenburg opined the need "to define more definitively" French's problem.  In the context of Peninsula's motion for summary judgment, this Court must consider the facts and all inferences in the light most favorable to French.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*,., 475 U.S. 574, 587 (1986). However, even according French all reasonable inferences, Dr. Freedenburg's affidavit did not create genuine issues of material fact with respect to record keeping.[6]

Initially, it has been held that § 727(a)(3) of the Bankruptcy Code relating to the maintenance of records does not specifically require intent.  *In re Gartner*, 326 B.R. at 375.  In *Gartner*, the Texas Bankruptcy Court commented that:

> [U]nlike Section 727(a)(2) and (a)(4), both of which include specific language requiring intent or knowledge, sub-section (a)(3) does not include language that requires a showing of intent or recklessness.  Because Congress chose not to include words such as knowingly or intentionally in sub-section (a)(3), it follows that the statute does not specifically require intent.

*Id.* (citing *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 901 (7th Cir. 2002); *In re Scott*, 172 F.3d 959, 969 (7th Cir. 1999); *In re Juzwiak*, 89 F.3d 424, 430 (7th Cir. 1996)).  *See also In re Frommann*, 153 B.R. 113 (Bankr. E.D. N,.Y. 1993) (intent to conceal is not a prerequisite to support objection to discharge based on debtor's failure to keep and preserve books and records); *In re Potter*, 88 B.R. 843 (Bankr. N.D. Ill. 1988) (intent to defraud is not an element of objection

---

[6] Judge Schneider specifically addressed and rejected Dr. Freedenburg's affidavit as a "doctor's excuse that the debtor is a compulsive liar."  Mem. Op. at p. 30.

to discharge based on inadequate books and records).[7]

French essentially argues that the affidavit of Dr. Freedenburg alone raised an issue of mental impairment thus precluding summary judgment.  He cites an unpublished decision of the Fourth Circuit in *Haskell v. Shigo (In re Shigo)*, 1996 U.S. APP. LEXIS 17694 (4TH Cir. 1996). In affirming this Court and the Maryland Bankruptcy Court, the Fourth Circuit in *Shigo* upheld a debtor's discharge, finding that he had met his burden of persuasion under 11 U.S.C. § 727(a)(3) and (a)(5) in the face of the trustee's objection.  With respect to § 727 (a)(3) and the preservation of records, the Court noted the language in the section and an exception where failure to keep such records "was justified under all of the circumstances of the case."  1996 U.S. APP. LEXIS 17694*6.[8]  In *Shigo*, those circumstances included "two very serious mental breakdowns" and the hospitalization of the debtor for "significant periods of time."  The facts in this case pale in comparison.  Judge Schneider's refusal to give credence to French's "eleventh hour" claim of mental impairment cannot be said to be clearly erroneously.  There is simply nothing in the record of this case indicating the existence of the level of mental impairment that was reflected in the *Shigo* case.

The record in this case clearly establishes a failure by French to maintain adequate records so as to permit an orderly process in ascertaining his financial condition.  Totally apart

---

[7] Judge Schneider did not address this specific issue of intent in his Memorandum Opinion nor has it been specifically addressed by the parties.  Therefore, it is not necessary for this Court to specifically address this holding or the Texas Bankruptcy Court's statutory interpretation for purposes of this opinion.

[8] As noted in fn. 7, *supra,* this Court does not address whether justification "under all the circumstances" thereby establishes the intent requirement.  However, this Court would note that *In re Shigo* appears to be limited to its facts.

from and before any analysis as to the oaths made by French, Judge Schneider's conclusion with respect to that failure was not clearly erroneous.  Accordingly, French's discharge was properly denied under 11 U.S.C. § 727 (a)(3).

III.  <u>False Oaths</u>

A secondary basis of Judge Schneider's grant of summary judgment to Peninsula and entry of an order denying French a discharge in bankruptcy was his finding, pursuant to 11 U.S.C. § 727(a)(4)(A), that French made false oaths.  On this issue, French presents the following arguments:

> (1)     The failure to apply proper standards led directly to an erroneous decision to deny a discharge pursuant to § 727(a)(4)(A);
>
> (2)     The Bankruptcy Court erred as a matter of law by considering evidence outside of the summary judgment record and effectively denied the appellant due process.

With respect to the first argument, French essentially challenges Judge Schneider's finding of fact and his rejection of a mental impairment defense.  His second argument attacks Judge Schneider's reference to Judge Eisenberg's findings at the December 2003 trial on French's claim of entitlement to Florida exemptions.

French candidly notes the number of statements which Judge Schneider considered false oaths.  Indeed, he suggests "that the frequency of those misunderstood or inconsistent statements might evidence a physical or mental problem."[9]    In an effort to address this "problem", French submitted Dr. Freedenburg's affidavit.  French's reference to the "frequency" of his "misunderstood . . . statements" is demonstrably strained.

---

[9]  Appellant's brief, p. 23.

Judge Schneider in his opinion correctly noted that Peninsula in seeking to deny French's discharge under § 727(a)(4)(A) for false oaths must prove five elements by a preponderance of the evidence.[10]  *Matter of Beaubouef,* 966 F.2d 174, 178 (5th Cir. 1992); *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251-52 (4th Cir. 1987).  Judge Schneider carefully addressed each of these elements.

First, there is no dispute that French testified on numerous occasions and submitted financial schedules under the penalties of perjury.  Second, the record of this case is replete with false statements which French later tried to characterize as "misunderstood" or "inconsistent".  He testified on one occasion to residence in Maryland and on another occasion to residence in Florida.  His submission of travel records only highlighted these false statements.  In his financial schedules submitted to the Florida Bankruptcy Court under penalty of perjury at the time of the initial filing in October of 2000, he failed to list a broker's fee.  He failed to accurately account for proceeds from the sale of stock and provided inconsistent testimony before the Florida Trustee Diane Jensen and the Maryland Trustee James Wooton.  His responses throughout this case with respect to "F&F Partnership" essentially varied and depended upon the status of his efforts to claim a Florida homestead exception.  There is no dispute that these statements and representations materially related to French's bankruptcy petition.

The crux of French's argument is that Judge Schneider did not have a sufficient factual record to find that the remaining two elements were satisfied, *to wit*: that French knew that the statements were false and that he made these statements with fraudulent intent.  As the Maryland

---

[10]  (1) The debtor made a statement under oath; (2) the statement was false, (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement materially related to the bankruptcy case.  Mem. Op. at p. 25.

Bankruptcy Court has noted previously:

> Because a debtor is unlikely to testify directly that his intent was
> fraudulent, the courts may deduce fraudulent intent from all the
> facts and circumstances of a case.

*In re Nazarian*, 18 B.R. 143, 146-47 (Bankr. D. Md. 1982).  Reckless indifference to the truth or

fraudulent intent can be demonstrated by circumstantial evidence.  *In re Sholdra*, 249 F.3d 380,

382 (5th Cir. 2002) (*citing Pavy v. Chastant (In re Chastant*), 873 F.2d 89, 91 (5th Cir. 1989);

*Matter of Beaubouef*, 966 F.2d at 178).  As noted by the Fifth Circuit in the *Sholdra* case, efforts

to amend schedules and statements of financial affairs fail to create genuine issues of material

fact.  *Id.*  The record manifestly indicates in this case that French made materially false

statements in his schedules, statements of financial affairs, and sworn testimony before Trustees

of the Bankruptcy Court.  Such a pattern evidences fraudulent intent.  *Id.* at 383 *(citing Economy*

*Brick Sales, Inc. v. Gonday (In re Gonday),* 27 B.R. 428, 432 (Bankr. M.D.. La. 1983).

French's remaining argument relates to Judge Schneider's consideration of the oral

opinion issued by Judge Eisenberg in December of 2003 at the conclusion of the trial on

French's claim for entitlement to the Florida homestead exemption.  The appellant contends that

Judge Schneider had taken the matter of Peninsula's motion for summary judgment *sub curia* in

September of 2002 and improperly considered additional evidence outside of the summary

judgment record.  In short, he contends that he was denied due process to the extent that Judge

Schneider based his opinion on factual findings by Judge Eisenberg, arguing that those findings

in the exemption case have no effect in the discharge case.

While Peninsula cites principles of *res judicata* and collateral estoppel in support of

Judge Schneider's reference to Judge Eisenberg, these principles do not precisely apply.  It is not

a question of the application of a prior final judgment, but rather a credibility finding by one judge based in part upon the credibility findings of another judge.  French's brief on this precise point is noticeably lacking in legal authority.  He basically argues that Judge Schneider was required to take further testimony from him in order to make further credibility findings.  That is contrary to the intent of § 727(a)(4)(A).  A false oath sufficient to deny a discharge under that section may consist of a false statement made in the course of any proceeding in the bankruptcy process including a meeting of creditors.  *In re Braidis*, 27 B.R. 470 (Bankr. E.D. Pa. 1983).  A false oath in a state court action has been held sufficiently related to the bankruptcy proceeding. *In re Kaufhold*, 256 F.2d 181, 185 (3rd Cir. 1958).

Alternatively, this Court notes that there is overwhelming authority in the record from which Judge Schneider found falsity and fraudulent intent – totally apart from Judge Eisenberg's findings.  Judge Schneider's factual finding that "the debtor has woven a web of lies on the record" indicating an intent to "defraud creditors" is supported by a thorough review of the record in this case.  (Mem. Op. at p. 28).  Accordingly, French's discharge was also properly denied under 11 U.S.C. § 727(a)(4)(A).

<u>CONCLUSION</u>

For all of the foregoing reasons, the decision of Bankruptcy Judge James F. Schneider granting Peninsula's motion for summary judgment and denying French a discharge in bankruptcy is affirmed.  A separate Order follows.

Dated:    February 21, 2006                    /s/_____
                                               Richard D. Bennett
                                               United States District Judge